Venkat Balasubramani, OSB #180446
venkat@focallaw.com
**FOCAL PLLC**
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Telephone: (206) 529-4827

Attorneys for Defendant Tucows, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHARRON VAN DER MUELEN, an individual, | Case No. 3:26-cv-1024 |
| Plaintiff, | **DEFENDANT TUCOWS, INC.'S NOTICE OF REMOVAL** |
| v. | |
| TUCOWS, INC., a Pennsylvania corporation; and JOHN DOE, an unknown individual, | |
| Defendants. | |

Defendant Tucows, Inc. hereby removes the above-captioned action from the Multnomah County Circuit Court to the United States District Court for the District of Oregon. Removal is proper under 28 U.S.C. § 1332(a) (diversity jurisdiction). In further support of removal, Defendant states the following:

1.      On or about April 22, 2026, Plaintiff Sharron van der Meulen commenced a lawsuit against Defendants Tucows, Inc., the removing Defendant, and John Doe, an unknown individual. Plaintiff alleged that their personal information was being wrongfully disseminated in violation of an Oregon privacy statute (ORS 30.835) and in a way that constituted the intentional

NOTICE OF REMOVAL                    1

infliction of emotional distress. Specifically, the Complaint alleges Defendant John Doe published a blog publicizing Plaintiff's professional activity—that Plaintiff's architectural firm secured a contact with the U.S. General Services Administration to provide architectural services. The Complaint further alleges that Defendant Doe's blog urged public action and protest, and publicized Plaintiff's personal information, including their home address, in violation of ORS 30.835(2) and in an otherwise tortious manner. The Complaint alleges that Tucows provided "substantial assistance" to John Doe and is "jointly liable" for the actions of John Doe. (Complaint ¶¶ 41, 44.) Further, the Complaint alleges that Tucows owes Plaintiff an independent duty which it violated. (*Id.* ¶ 46.) On this basis, the Complaint seeks economic and non-economic damages of "no less than $55,000" against Doe and Tucows jointly and severally, as well as Plaintiff's attorneys' fees and costs, along with injunctive relief against Doe and Tucows. (Complaint pp. 19-20.) Additionally, the Complaint identifies a potential amendment to seek punitive damages. (*Id.* p. 20.)

2.      Pursuant to 28 U.S.C. § 1446(a) and the Court's CM/ECF procedures, a copy of the Complaint is attached hereto as **Exhibit A**. As will be discussed in Defendant's Motion to Seal (to be filed separately), the copy of the Complaint attached in Exhibit A is the redacted public version that Plaintiff was granted leave to file in the state court. A copy of the remaining pleadings and orders served upon Defendant is attached hereto as **Exhibit B**.

3.      Tucows received a copy of the Complaint via its registered agent on April 28, 2026. Defendant has not yet responded to the Complaint.

## GROUNDS FOR REMOVAL

4.      This case is removable because the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied.

NOTICE OF REMOVAL                                2

**A.     Diversity of Citizenship Exists**

5.     Plaintiff alleges in the Complaint that they reside in Multnomah County, Oregon. (Complaint ¶ 3.) Tucows has a good faith belief based on the allegations in the Complaint that Plaintiff is domiciled in the State of Oregon.

6.     Defendant Tucows is a corporation incorporated in Pennsylvania whose principal place of business is Ontario, Canada. (*See* Complaint ¶ 4.) It is therefore domiciled either in Pennsylvania or outside the United States.

7.     John Doe is identified as an unknown defendant. (Complaint ¶ 5.) Doe defendants are disregarded for purposes of the diversity of citizenship inquiry.

**B.     The Amount in Controversy Exceeds $75,000**

8.     While the Complaint does not set forth a firm damages amount, it alleges four separate claims: (1) a claim against Doe for violation of ORS 30.835; (2) a claim against Doe for intentional infliction of emotional distress ("IIED"); (3) a claim against Tucows for assisting breach of tortious duty (*i.e.*, assisting Doe in both the violation of ORS 30.835 and intentional infliction of emotional distress); and (4) a claim for injunctive relief against both Doe and Tucows. (Complaint pp. 13-19.)

9.     The Complaint pleads damages of "no less than $55,000" in connection with the alleged violation of ORS 30.835 and compensatory damages "for severe emotional distress in an amount to be proven at trial" for the IIED claim, and alleges Tucows is "jointly liable" for the actions of Doe. (*See* Complaint ¶¶ 34, 39, 41.) The prayer for relief in the Complaint seeks recovery on a joint and several basis against both Defendants. (*See id.* p. 19.) Additionally, Plaintiff asserts a potential amendment of the Complaint to seek punitive damages. (*Id.* p. 20.)

10.     The amount in controversy exceeds $75,000 in several different ways:

NOTICE OF REMOVAL                                3

i.   Damages Under ORS 30.835 Exceed $75,000: Counsel for Tucows has not found reporting decisions discussing damage awards under this statute. However, common sense reflects that any award, if ordered, will not be limited to the $55,000 floor amount requested by Plaintiff, which Plaintiff appears to acknowledge by pleading "no less than" $55,000. More likely, an award, if rendered, would exceed $75,000.

ii.  Attorneys' Fees are Available Under ORS 30.835: ORS 30.835(3)(d) authorizes an award of attorneys' fees, which is included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). To the extent recovered, these will easily exceed $20,000. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Lawyers of the caliber of Plaintiff's counsel bill at least $500 per hour. (*See, e.g.*, https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf (most recent survey from the Oregon State Bar), last visited May 19, 2026.) Defendant has a good faith belief that the reasonable value of attorneys' fees expended by Plaintiff to date exceeds $20,000, in connection with the preparation and filing of the Complaint, the motion to seal filed in state court, and other activities associated with the initiation of Plaintiff's lawsuit. Thus, Plaintiff's fee recovery, if any, will cause the amount in controversy to exceed the jurisdictional

threshold either alone or in conjunction with the other relief discussed herein.

iii.   Punitive damages may be considered: Plaintiff reserves the right to seek punitive damages. (Complaint p. 20.) Courts may consider the potential for punitive damages when determining the amount in controversy. *Culpepper v. Wells Fargo Bank, N.A.*, No. 6:12-cv-969-TC, 2012 U.S. Dist. LEXIS 123572, *5 (D. Or. Aug. 8, 2012)

iv.   Damages for the IIED Claim Exceed $20,000: Plaintiff brings a separate claim for IIED for which it seeks to hold Tucows jointly liable. (*See* Complaint pp. 16-19 (Second and Third Claims for Relief).) In one reported invasion of privacy case, as an example, a jury awarded plaintiffs $75,000 for invasion of privacy claims. *Trout v. Umatilla Cnty. Sch. Dist.*, 77 Or. App. 95, 712 P.2d 814 (Or. Ct. App. 1985). While ultimately reversed by the Oregon Supreme Court, the amount of the award is a proxy for the amount Plaintiff could recover under the IIED claim. A recovery under the IIED claim will cause the amount in controversy to exceed the jurisdictional threshold.

v.   The Injunctive Relief Sought is Valued at More Than $20,000: Finally, the Complaint seeks injunctive relief against both Defendants. (*See* Complaint p. 19.) While cases are mixed on how the value of such relief is calculated for purposes of the amount in controversy requirement, this amount is valued at in excess of $20,000 under either metric. From Plaintiff's standpoint, Plaintiff posits that the harm from the underlying acts is irreparable. Plus, Plaintiff will expend more than $20,000 in pursuing injunctive relief. Thus, from Plaintiff's standpoint, the injunctive relief can be valued at greater than $20,000. The result is the same

NOTICE OF REMOVAL                              5

when viewed from the perspective of either Defendant. Tucows does not have a practical way to comply with the injunction requested by Plaintiff. From the Doe Defendant's standpoint, if Plaintiff prevails, Doe will be subject to a speech-limiting injunction.

## COMPLIANCE WITH REMOVAL STATUTE

11.    This Notice of Removal is timely under 28 U.S.C. § 1446(b). Tucows received the Complaint via its registered agent on April 28, 2026. Tucows therefore files this notice of removal within thirty days of receipt of the Complaint.

12.    The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and is being filed together with all process, pleadings, and orders served upon Defendant in the state court action. 28 U.S.C. § 1446(a).

13.    The Notice of Removal was properly filed in the United States District Court for the District of Oregon because Multnomah County Circuit Court is located within this District. Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

14.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of the Multnomah County Circuit Court and provided to Plaintiff.

## CONCLUSION

WHEREFORE, Defendant Tucows, Inc. hereby gives notice that, for the reasons stated above, this case, pending in the Multnomah County Circuit Court, is removed to this Court.

//

//

NOTICE OF REMOVAL                    6

Dated this 22nd day of May, 2026.

Respectfully submitted,

FOCAL PLLC

By:  /s/ *Venkat Balasubramani*
       Venkat Balasubramani, OSB #180446
       900 1st Avenue S., Suite 201
       Seattle, Washington 98134
       Telephone: (206) 529-4827
       venkat@focallaw.com

*Attorneys for Defendant Tucows, Inc.*

NOTICE OF REMOVAL                    7

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF System. I also caused a copy to be served on counsel for Plaintiff

by email and U.S. Mail:

Nathan R. Morales
Aviva K. Diamond
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
nathan.morales@stoel.com
aviva.diamond@stoel.com

Dated this 22nd day of May, 2026.                Respectfully submitted,

FOCAL PLLC

By:  /s/ *Venkat Balasubramani*
        Venkat Balasubramani, OSB #180446
        900 1st Avenue S., Suite 201
        Seattle, Washington 98134
        Telephone: (206) 529-4827
        venkat@focallaw.com

*Attorneys for Defendant Tucows, Inc.*