# Exhibit A

# Complaint +
# Jury Demand

26CV19275
CM
Complaint
20121920

Multnomah County Circuit Court
Original Sent to File Room

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

SHARRON VAN DER MEULEN, an
individual;

                Plaintiff,

     v.

TUCOWS, INC., a Pennsylvania
corporation; and JOHN DOE,

                Defendant.

No. 26CV19275

**COMPLAINT**

REDACTED

(ORS 30.835; Intentional Infliction of
Emotional Distress; Injunctive Relief;
Assisting Tortious Breach of Duty
(Restatement § 876))

PRAYER: $55,000

FEE AUTHORITY: ORS 21.160(1)(c)

FEE AMOUNT: $594

NOT SUBJECT TO MANDATORY
ARBITRATION

JURY TRIAL DEMANDED

Plaintiff Sharron van der Meulen ("Plaintiff"), by and through the undersigned

counsel, alleges as follows:

**INTRODUCTION**

1.

Plaintiff brings this action because Defendants John Doe and Tucows Inc.

(collectively, "Defendants") knowingly published, disseminated, and refused to remove

Plaintiff's protected personal information in violation of Oregon law. Defendant John Doe

created and operates a website hosted by Defendant Tucows Inc., which targets Plaintiff, her

family, and her employer, and encourages strangers to harass Plaintiff at her home. As a

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380    Fax 503.220.2480

Verified Correct Copy of Original 4/23/2026._

result, Plaintiff was subjected to multiple frightening and unwanted visits to her residence. After Plaintiff demanded removal of her private information, Defendants not only failed to act, but escalated their unlawful conduct by posting a fake online advertisement for an estate sale at Plaintiff's home, prompting additional strangers to appear at her door asking for her legal counsel's name. With Defendants continuing to expose Plaintiff and her family to danger, Plaintiff has no choice but to bring this lawsuit to protect herself and her household. Plaintiff seeks damages for the harm caused by Defendants' conduct, including severe emotional distress, and requests preliminary and permanent injunctive relief requiring Defendants to remove and cease publishing her private information and to stop encouraging further harassment.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction, and venue is proper in Multnomah County, Oregon, because Plaintiff's injuries occurred in Multnomah County, and Defendants conduct regular and sustained business activities in Oregon, including in Multnomah County.

## PARTIES

3.

Plaintiff Sharron van der Meulen is a resident of Multnomah County, Oregon.

4.

Defendant Tucows Inc. is an internet services company incorporated in Pennsylvania with its principal place of business in Toronto, Ontario, Canada. Tucows conducts business in Oregon by operating and hosting web services and sites, which are set up and used by Oregon-based customers and residents.

5.

Defendant John Doe is an unidentified individual, entity, or collection of individuals and/or entities who owns and operates a webpage that specifically targets Oregon businesses:

Page 2 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380    Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026.

https://meltoregon.noblogs.org/. Plaintiff will amend this Complaint to substitute the true name of Defendant John Doe once that identity is ascertained.

## FACTUAL ALLEGATIONS

6.

Plaintiff is the Managing Partner of the architecture firm Zimmer Gunsul Frasca Architects LLP, doing business as ZGF Architects LLP ("ZGF") based in Portland, Oregon. ZGF has offices in Portland, Seattle, Vancouver (B.C.), Los Angeles, Denver, New York, and Washington, D.C.

7.

In 2010, ZGF entered into a contract with the U.S. General Services Administration to provide architectural design services for several federal office buildings in Washington, D.C. These facilities were intended for use by four different federal agencies: Customs and Border Protection, the Federal Emergency Management Agency, Immigration and Customs Enforcement, and the Transportation Security Administration.

**1.    Defendant John Doe Created a Website that Targets Plaintiff Personally and Disseminates Her Private Information**

8.

Defendant John Doe created and operates the website https://meltoregon.noblogs.org/ ("the Website"). The Website is publicly accessible and is hosted on a platform operated by Defendant Tucows Inc.

9.

In February 2026, Defendant John Doe posted Plaintiff's personal information on the Website, including her home address, where she lives with her husband. To date, John Doe has refused to remove Plaintiff's private information.

///

///

Page 3 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205_Verified Correct Copy of Original 4/23/2026._
Main 503.224.3380    Fax 503.220.2480

10.

On the Website's "Home" page (https://meltoregon.noblogs.org/), Defendant John Doe published Plaintiff's full name, home address, personal phone number, and employer's name and contact information, as shown in the screenshot below (redacted for privacy):

11.

On a separate page (https://meltoregon.noblogs.org/zgf-architects/), Defendant John Doe published Plaintiff's full name, her husband's name, their home address, Plaintiff's personal cell phone number, and photos of Plaintiff and her husband, as shown in the screenshot below (redacted for privacy):

Page 4 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380    Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026._



12.

Plaintiff's personal information is not generally available to the public at large, without searching and looking through the internet.

13.

On the Website's "Media" page (https://meltoregon.noblogs.org/media/), under the section "Flyers & stickers exposing the individuals responsible," Defendant John Doe published a downloadable flyer that personally targets Plaintiff, purportedly for the contract that her employer signed with the federal government in 2010. In this flyer, Defendant John Doe published Plaintiff's full name, home address, personal cell phone number, and a photograph of Plaintiff. The flyer instructs strangers to "Knock on her door, and tell her to

Page 5 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Verified Correct Copy of Original 4/23/2026.
Main 503.224.3380    Fax 503.220.2480

knock it off. This lady is your neighbor, and she is complicit." By distributing this information in a printable format, Defendant John Doe intended and encouraged that Plaintiff's personal information be further shared, circulated, and used by third parties.

The flyer is shown in the screenshot above (redacted for privacy):

///

///

Page 6 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224 3380    Fax 503 220 2480
Verified Correct Copy of Original 4/23/2026.

14.

In addition, Defendant John Doe published a separate downloadable flyer targeting Plaintiff's employer but then labels Plaintiff a "traitor to our community" and states that "companies are made of people, all of whom have names and addresses," signaling to readers that they should direct their anger about business contracts toward private individuals such as Plaintiff:

## ZGF ARCHITECTS

1223 SW Washington Street, Suite 200
info@zgf.com
503-224-3860

## ICE COLLABORATOR

ZGF Architects is a company in Portland that contracts with ICE, enabling them to carry out violence against our community and tear apart families. ZGF Architects is complicit in advancing fascism in our country, and we must demand that they stop collaborating.

## TRAITOR TO OUR COMMUNITY

Companies are made of people, all of whom have names and addresses. They are responsible for their actions, and history tells us that "just doing my job" is NOT an excuse.

## Learn more at our website:
## https://meltoregon.noblogs.org

Page 7 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR  97205
Main 503.224.3380    Fax 503 220.2480
Verified Correct Copy of Original 4/23/2026.

15.

On its homepage, the Website makes clear that it is meant solely to provide "information about businesses in Oregon who have official government contracts with ICE and CBP." However, it simultaneously urges action against those it labels as "collaborators":

ICE NOT WELCOME
AND NEITHER ARE
COLLABORATORS

Historically, those who willingly work with fascist regimes and help them carry out their atrocities are known as "collaborators". History does not look kindly on them and neither do we.

IT'S TIME TO MELT OREGON

16.

It encourages readers to "take action," and for those "not sure how to take action," the Website offers specific suggestions, stating: "[t]he goal is to disrupt, to be a nuisance, to be a thorn in the side of any collaborator. Use your imagination and experiment to see what works." The Website also specifically encourages action against private individuals:

Finally, don't feel like you need to limit your art projects to targeting the business itself. Businesses are made up of people, and as we know "I'm just doing my job" is not an excuse. The owners and key employees of collaborating businesses may be able to deal with people protesting at their workplace, but taking it to their neighborhood and forcing them to face accountability from their neighbors ratchets up the pressure to a whole new level. You can find flyers for the key people at the collaborating Oregon businesses here.

Page 8 - COMPLAINT

STOEL RIVES LLP

760 SW Ninth Avenue, Suite 3000, Portland, OR 97205 Verified Correct Copy of Original 4/23/2026.
Main 503.224.3380   Fax 503.220.2480

17.

Defendant John Doe promotes the Website on a BlueSky social media account (the "BlueSky Account") and encourages others to "do something":



**2. Defendants Refuse to Remove Plaintiff's Private Information and Retaliate by Creating a Fake Advertisement Directing Strangers to Plaintiff's Home**

18.

The Website is anonymous but lists an email address for contact.

19.

On February 26, 2026, Plaintiff, through counsel Nathan Morales, sent letters to Defendant John Doe at the available email address and to Defendant Tucows Inc., demanding removal of Plaintiff's protected personal information from the Website in accordance with Oregon law. Defendants did not respond. The Website remains publicly accessible and Defendants continue to allow Plaintiff's personal information to be displayed.

20.

As a result of the Website and Defendants' failure to remove Plaintiff's personal information, on March 13, 2026, an unknown male individual came to Plaintiff's home and

Page 9 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380    Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026.

trespassed onto her property. This incident was captured on Plaintiff's home security camera footage, an excerpt of which is shown below:



21.

Later on March 13, 2026, approximately two hours after the trespass onto Plaintiff's property, Defendant John Doe posted or caused to be posted a fake Craigslist advertisement for a "Big Estate Sale" at Plaintiff's home scheduled for Saturday, March 14, 2026, through Sunday, March 15, 2026, beginning at 7:30 a.m. The advertisement encouraged members of the public to "come to the door" and "ask for Nathan." Nathan is the name of Plaintiff's attorney, as only Defendants know.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 10 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380    Fax 503.220.2480

**Big Estate Sale - HUNDREDS OF TOOLS (Portland)**

dates:
saturday 2026-03-14
sunday 2026-03-15
start time: 7:30am

portland.craigslist.org

My father passed recently and left behind a very large tool collection that we need to get rid of. In person sales only, we cannot deal with holding items for anyone so it is first come first serve.

Everything is indoors so no need to worry about rain. There will be people in and out of the house as we get it cleaned up for sale, so please ask for Nathan when you come to the door and I'll bring you down to the basement where his workshop is.

Thank you and hope to see you there.

22.

As a result of this fake Craigslist advertisement, more strangers came to Plaintiff's home on March 14, 2026, causing fear, emotional distress, and additional harm, to Plaintiff and her family. Such unwanted contact will continue, given Defendants' actions.

23.

On April 7, 2026, Defendant John Doe published photographs of Plaintiff and her husband and her employer's contact information on the BlueSky Account and directed viewers to the Website:

Page 11 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380   Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026.

**melt oregon**
@meltoregon.bsky.social

**+ Follow**

ZGF has raked in over $100 MILLION working on a DHS/ICE/CBP campus in DC. The Portland "managing partner" and her husband fancy themselves good liberals who post anti-ICE memes on facebook and attend No Kings marches. Truly a feat of cognitive dissonance!

#Portland #Oregon #fuckICE #meltoregon

# Zimmer Gunsul Frasca Architects

## ICE COLLABORATORS

This business has a federal contract with ICE designing and engineering a DHS campus in Washington DC, including ICE and CBP offices.

CONTACT INFORMATION:
- https://www.zgf.com/
- (503) 224-3860
- info@zgf.com
- 1223 SW Washington St #200, Portland, Oregon 97205

FOR MORE INFORMATION:

**MELTOREGON.NOBLOGS.ORG**

ALT

3:14 PM · Apr 7, 2026   Everybody can reply

**1** repost   **2** likes

💬        ⮂ 1        ♡ 2                    🔖  ➪  ⋯

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503 224.3380    Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026.

24.

Defendants' conduct was not undertaken in furtherance of any constitutional right of free speech, serves no legitimate purpose, and does not constitute any lawful form of civic engagement. Their conduct was illegal and criminal under Oregon Senate Bill 1121 (2025), which created the offense of unlawful disclosure of private information, and is not eligible for constitutional protection.

## FIRST CLAIM FOR RELIEF

### *Violation of ORS 30.835 (Improper Disclosure of Private Information)*

### Against Defendant John Doe

25.

The above paragraphs are hereby re-alleged and incorporated by reference.

26.

"Doxing" is an Internet-based form of harassment, which involves posting a target's private personal information online, so it can be used by other parties to attack and assault that individual. Oregon's "anti-doxing" statute, House Bill 3047 (2021), codified at ORS 30.835, creates a civil cause of action for improper disclosure of private information where "[t]he defendant, with the intent to stalk, harass or injure the plaintiff, knowingly caused personal information to be disclosed;" "[t]he defendant knew or reasonably should have known that the plaintiff did not consent to the disclosure;" "[t]he plaintiff is stalked, harassed or injured by the disclosure;" and "[a] reasonable person would be stalked, harassed or injured by the disclosure." ORS 30.835(2).

27.

Plaintiff's home address, personal phone number, and employer's contact information constitute "personal information" protected under ORS 30.835.

///

///

Page 13 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380   Fax 503.220.2480

Verified Correct Copy of Original 4/23/2026._

28.

Defendant John Doe knowingly published Plaintiff's personal information on the Website and the BlueSky Account. The personal information John Doe posted could only have been obtained through deliberate collection. Defendant John Doe published this information in multiple locations on the Website, including the "Home" page and a separate page dedicated to Plaintiff and her employer, and created flyers, in a manner showing intentional placement and presentation. Plaintiff's private information was also displayed alongside similar personal information of other individuals and entities, showing a purposeful pattern of compiling and publicly disseminating sensitive data.

29.

Defendant John Doe both knew and reasonably should have known that Plaintiff did not consent to the disclosure of her private information. Her lawyers sent John Doe a letter explaining that. Plaintiff's information is personal and private, not generally available to the public at large (until Defendants came along), and Plaintiff expressly requested that Defendant John Doe remove it. Defendant John Doe refused to remove the information after receiving that request. Plaintiff has never made this information public, never authorized its publication, and has had no interaction with Defendant John Doe, other than instructing him to remove the posted information—a request that Defendant John Doe ignored.

30.

Defendant John Doe's disclosures were made with the intent to stalk Plaintiff and to harass Plaintiff, that is, with the intent to cause Plaintiff severe emotional distress. Defendant John Doe published Plaintiff's information on a Website that encourages action against "collaborators" and a Craigslist advertisement directing the public to show up at Plaintiff's home. These actions show that Defendant John Doe intended to cause Plaintiff to experience fear, anxiety, and serious emotional distress and to expose her to unwanted, alarming contact at her private home.

Page 14 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380    Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026

31.

Defendant John Doe's disclosures caused Plaintiff to be stalked and harassed, including by an unknown male individual who entered her property on March 13, 2026, and by multiple strangers who arrived at her home on March 14, 2026, in response to the fake Craigslist advertisement posted by Defendant John Doe. These incidents constitute repeated, unwanted, and alarming contact directed at Plaintiff as a direct result of Defendant John Doe's publication of her private information.

32.

As a result of Defendant John Doe's conduct, Plaintiff has already faced harassment arising from the improper disclosure of her private information. Plaintiff has experienced severe and protracted emotional distress, including anxiety, fear, torment, and apprehension, and she now lives in fear for her and her family's safety in their own home.

33.

A reasonable person in Plaintiff's position would be harassed and stalked by Defendant John Doe's disclosures. Plaintiff is a private individual, and Defendant John Doe published personal information that is not publicly available, that Plaintiff had not publicized, and that she had sought to keep private. The information included Plaintiff's home address, personal phone number, and identifying photographs, along with an invitation for strangers to visit Plaintiff's home and confront her and a Craigslist advertisement to knock on her door. Defendant John Doe posted this information on a publicly accessible website and amplified its reach by advertising the Website on social media.

34.

Plaintiff is entitled to economic and non-economic damages of no less than $55,000 to be proven at trial, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to ORS 30.835(3)(d).

///

Page 15 - COMPLAINT

Verified Correct Copy of Original 4/23/2026.

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380  Fax 503.220.2480

## SECOND CLAIM FOR RELIEF

### *Intentional Infliction of Emotional Distress*

### Against Defendant John Doe

35.

The above paragraphs are hereby re-alleged and incorporated by reference.

36.

Defendant John Doe acted with the intent to cause Plaintiff severe emotional distress, or at least knew with substantial certainty that his conduct would result in such distress. Defendant John Doe knowingly published Plaintiff's home address, personal phone number, employer's contact information, and identifying photographs on a Website that encourages others to take action, and thereafter refused to remove that information despite receiving Plaintiff's demand. Defendant John Doe then escalated the situation by posting a fake Craigslist advertisement directing strangers to Plaintiff's home and instructing strangers to enter her property.

37.

Defendant John Doe's conduct was extreme, outrageous, and extraordinarily beyond the bounds of socially tolerable behavior. John Doe's actions were calculated to expose Plaintiff to fear, alarm, confrontation, and intrusion at her private residence through the Website and fabricated Craigslist advertisement and are far outside any acceptable standard of civil behavior.

38.

Defendant John Doe's conduct caused Plaintiff severe emotional distress, including substantial and enduring mental suffering and anguish, anxiety, loss of sleep, embarrassment, humiliation, disruption to her daily life, and ongoing fear for her and her family's safety. Plaintiff continues to experience emotional and psychological harm from both the disclosures

themselves and the repeated unwanted contact at her home caused by Defendant John Doe's actions.

39.

Plaintiff is entitled to compensatory damages for severe emotional distress in an amount to be proven at trial, together with pre- and post-judgment interest.

**THIRD CLAIM FOR RELIEF**

*Assisting Tortious Breach of Duty*

**Against Defendant Tucows Inc.**

40.

The above paragraphs are hereby re-alleged and incorporated by reference.

41.

Defendant Tucows Inc. is jointly liable for Defendant John Doe's tortious acts under the Restatement (Second) of Torts § 876(b)–(c), as recognized in *Granewich v. Harding*, 329 Or 47, 54, 985 P2d 788, 792 (1999).

42.

Defendant John Doe committed tortious acts against Plaintiff, including improper disclosure of private information in violation of ORS 30.835 and intentional infliction of emotional distress.

43.

Defendant Tucows Inc. had actual knowledge, after receiving Plaintiff's counsel's written demand on February 26, 2026, that Defendant John Doe's conduct constituted a breach of duty and that the Website hosted on Tucows's platform was being used to publish Plaintiff's protected personal information and to facilitate harassment and stalking. Tucows Inc. had the technical ability and authority to remove Plaintiff's personal information from its platform, to suspend the Website, or to otherwise intervene to prevent continued harm.

///

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380   Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026.

Page 17 - COMPLAINT

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205Verified Correct Copy of Original 4/23/2026._
Main 503.224.3380   Fax 503.220 2480

44.

Despite this knowledge, Defendant Tucows Inc. provided substantial assistance to Defendant John Doe by continuing to host, operate, and provide the infrastructure and platform that allowed Defendant John Doe to display and publicize Plaintiff's private information. Tucows Inc. knowingly allowed the content to remain publicly accessible and, on information and belief, took no action to disable, suspend, limit, or investigate John Doe's account or the Website, even after being placed on actual notice that it was being used to carry out tortious conduct.

45.

Defendant Tucows Inc.'s refusal to act after receiving notice substantially assisted Defendant John Doe in accomplishing the tortious results alleged herein, including the continued publication of Plaintiff's private information and the facilitation of ongoing harassment and stalking. Tucows Inc.'s continued hosting and inaction were a substantial factor in causing the harassment, stalking, and severe emotional distress suffered by Plaintiff.

46.

Separately, Defendant Tucows Inc. owed Plaintiff a duty of reasonable care. It was foreseeable that failing to remove a hosted website that publishes a private individual's home address, personal phone number, and photographs, and that invites strangers to show up at her home and confront her, would result in harm. Tucows Inc. breached that duty by failing to take reasonable steps to address the misuse of its platform once it had actual notice that the Website was being used to target and harm a private individual. Tucows's continued hosting of the Website despite this notice enabled John Doe's tortious conduct to continue and escalate.

47.

As a direct and foreseeable result of Defendant Tucows Inc.'s substantial assistance and its independent breach of duty, Plaintiff suffered harm, including severe emotional

Page 18 - COMPLAINT

distress, anxiety, fear, torment, and apprehension, fear for her and her family's safety, and repeated unwanted contact at her home.

48.

Plaintiff is entitled to economic and non-economic damages of no less than $55,000 to be proven at trial, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to ORS 30.835(3)(d).

## FOURTH CLAIM FOR RELIEF

### *Injunctive Relief*

### Against All Defendants

49.

The above paragraphs are hereby re-alleged and incorporated by reference.

50.

Plaintiff has suffered irreparable harm as a result of Defendant John Doe's ongoing publication, and Defendant Tucows Inc.'s ongoing platform support of the publication, of Plaintiff's personal information. Unless enjoined, Defendants will continue to publish Plaintiff's private information, placing Plaintiff and her family at risk of ongoing harassment, stalking, unwanted contact, and harm.

51.

Monetary damages are inadequate to remedy the continued publication of Plaintiff's personal information.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.    Economic and non-economic damages in an amount no less than $55,000, jointly and severally against Defendants, to be proven at trial.

B.    Pre-judgment and post-judgment interest as allowed by law;

STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000, Portland, OR 97205
Main 503.224.3380   Fax 503.220.2480
Verified Correct Copy of Original 4/23/2026.

Page 19 - COMPLAINT

C. All costs and reasonable attorneys' fees associated with this action pursuant to ORS 30.835(3)(d).

D. A preliminary and permanent injunction:

    i. Requiring Defendants to immediately remove Plaintiff's private information from the Website https://meltoregon.noblogs.org/ and any other website, page, platform, or online location under Defendants' control;

    ii. Prohibiting Defendants from republishing or otherwise disseminating Plaintiff's private information in any form, including on social media, web platforms, or websites; and

    iii. Prohibiting Defendant John Doe from creating any future advertisements, postings, or solicitations to direct third parties to Plaintiff's home or contact with Plaintiff.

E. Plaintiff reserves the right to move to amend to seek punitive damages, if warranted, pursuant to ORS 31.725(2) and ORS 30.835(3)(b).

F. All other just and equitable relief the Court deems necessary and proper.

DATED: April 22, 2026

STOEL RIVES LLP

NATHAN R. MORALES, Bar No. 145763
nathan.morales@stoel.com
503.294.9496
AVIVA K. DIAMOND, Bar No. 255204
aviva.diamond@stoel.com
503.294.9539

*Attorneys for Plaintiff*

Page 20 - COMPLAINT